the execution sales but determined that, because COF was not a party to that action, "the issue whether [plaintiff's] right to sue COF is affected by the orders that have been entered * * * must be litigated in the context of an action brought by [plaintiff]." Plaintiff then commenced this action.

Supreme Court erred in granting defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (5) because the causes of action bought in the execution sale were not of sufficient certainty to permit their purchase (*see, Matter of Supreme Mdse. Co. v Chemical Bank*, 70 NY2d 344, 349-350). A debt may be garnished under CPLR 5201 only if it has the requisite certainty (*see, Colonial Press of Miami v Bank of Commerce*, 71 Misc 2d 987, 988). "[T]he Legislature expressly put beyond the grasp of the statute the general category of contingent debts, 'to preclude a levy against contingent obligations that are not certain to ripen into something real' " (*Matter of Supreme Mdse. Co. v Chemical Bank, supra*, at 350; *see, Glassman v Hyder*, 28 AD2d 974, *affd* 23 NY2d 354). Here, defendants failed to show that the causes of action levied upon had the requisite legal "certainty" at the time of their purchase.

We therefore modify the order by denying defendants' motion in part and reinstating the second and third causes of action. At oral argument, plaintiff withdrew the first cause of action, and we affirm that part of the order dismissing the fourth cause of action, because punitive damages are not available to remedy this private wrong (*see, Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603), nor in any event is a separate cause of action for punitive damages viable (*see, Farrell v K.J.D.E. Corp.*, 244 AD2d 905). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Dismiss Pleading.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.

■ 10 PARK SQUARE ASSOCIATES, INC., Appellant-Respondent, et al., Plaintiff, v THE TRAVELERS (THE TRAVELERS INSURANCE COMPANIES), Respondent-Appellant. (Appeal No. 1.) [732 NYS2d 920] —Appeal and cross appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Erie County, Fahey, J.—Costs.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.

■ 10 PARK SQUARE ASSOCIATES, INC., Appellant, v THE TRAVELERS (THE TRAVELERS INSURANCE COMPANIES), Respondent. (Appeal No. 2.) [732 NYS2d 305] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for the actual cash value of the building only unless plaintiff, within 20 days of